IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                              03-cr-169-wmc-1

MARCUS T. FREEMAN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Marcus T. Freeman's supervised release was held on September 14, 2012, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Elizabeth Altman. Defendant was present in person and by counsel, Jack Hoag. Also present was U.S. Probation Officer Michael J. Nolan.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on July 28, 2004, following his conviction for felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 84 months, with a 36-month term of supervised release to follow.

Defendant began supervised release on March 7, 2012. His adjustment has been very

poor. Defendant violated Standard Condition No. 7, which prohibits him from using any narcotic or other controlled substance; and Special Condition No. 4, which prohibits him from the use of alcohol and illegal drugs, as evidenced by urine specimens he submitted on May 9, June 21, July 5, July 9, and September 7, 2012, which tested positive for marijuana. Based on his own admission, he consumed alcohol on July 6, 2012, and smoked marijuana in the form of blunt cigars at least every other day during that time period. Defendant again violated Special Condition No. 4, which also requires him to participate in substance abuse treatment and testing as directed by the supervising probation officer, when he failed to report for required substance abuse counseling and testing during the months of May and June 2012.

Defendant also violated Standard Condition No. 9, prohibiting him from associating with any person engaged in criminal activity or convicted of a felony without permission of the probation officer, and Standard Condition No. 11, requiring him to notify the probation officer within seventy-two hours of being arrested or questioned by law enforcement. On July 2, 2012, the defendant had contact with law enforcement while in the company of convicted felon Eric D. Carter, who is himself currently on supervised release for bank robbery in the Western District of Wisconsin. Defendant failed to report this police contact as required, and he did not have permission to associate with Mr. Carter.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the Court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on July 28, 2004, will be revoked.

Defendant's criminal history category is V. A Criminal History Category V and a Grade C violation result in an advisory guideline range of imprisonment of 7 to 13 months. The statutory maximum to which defendant can be sentenced upon revocation is two years, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the bottom of the guideline range, but will hold the defendant to zero tolerance for any further use of illegal drugs upon his release. The intent of this sentence is to hold defendant accountable for his violations, to protect the community, and for general and specific deterrence.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 28, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of seven months. A 24-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Entered this 14th day of September 2012.

BY THE COURT:

WILLIAM M. CONLEY
U.S. District Judge